# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.H. and C.H.**

**No. 18-0618** (Monongalia 17-JA-77 and 17-JA-78)

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.H., by counsel Kristen D. Antolini, appeals the Circuit Court of Monongalia County's June 28, 2018, order terminating his parental rights to J.H. and C.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Maria A. Borror, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period, finding there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect, and terminating his parental rights instead of utilizing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 13, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner failed to properly supervise the children. Specifically, the DHHR alleged that petitioner left the children unsupervised while he went to a nearby bar to drink and play pool. The DHHR also alleged that there was not adequate food in the home and that petitioner abused substances. The circuit court held a contested preliminary hearing and found probable cause to support the removal of the children from petitioner's custody. On August 21, 2017, the circuit court held an adjudicatory hearing. After the presentation of evidence, the circuit court adjudicated petitioner as an abusing parent and granted him a post-adjudicatory improvement period. Petitioner was ordered to attend all multidisciplinary treatment team meetings, participate in random drug screens, maintain stable housing, and complete a psychological and substance abuse evaluation and comply with the recommendations thereof.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

On January 29, 2018, the circuit court held a review hearing. The DHHR presented evidence that petitioner failed to participate in drug screens and other terms of his post-adjudicatory improvement period. However, the circuit court ordered that the improvement period should continue. On April 26, 2018, the circuit court held a final review hearing regarding petitioner's post-adjudicatory improvement period. The DHHR reported that petitioner failed to comply with any of the terms and conditions of his post-adjudicatory improvement period.

On June 6, 2018, the circuit court held a dispositional hearing. The circuit court took judicial notice from prior hearings regarding petitioner's failure to comply with the terms and conditions of his post-adjudicatory improvement period. Additionally, a DHHR caseworker testified that petitioner was recently arrested for possession of crystal methamphetamine and marijuana, possession of stolen property, and illegal possession of a firearm. Petitioner requested a post-dispositional improvement period or disposition pursuant to West Virginia Code § 49-4-604(b)(5).[2] However, the circuit court found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the children's best interests. The circuit court noted petitioner's bond with the children, but found that ordering a less-restrictive disposition would be futile and disruptive to the wellbeing of the children. Ultimately, the circuit court terminated petitioner's parental rights in its June 28, 2018, order.[3] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]West Virginia Code § 49-4-604(b)(5) provides that

[u]pon a finding that the abusing parent . . . [is] presently unwilling or unable to provide adequately for the child's needs, commit the child temporarily to the care, custody, and control of the state department, a licensed private child welfare agency, or a suitable person who may be appointed guardian by the court[.]

[3]The mother voluntarily relinquished her parental rights. The permanency plan for the children is adoption in their current foster placement.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in denying his motion for a post-dispositional improvement period. In support, he asserts that he "suffered from a substance abuse issue that prevented him from fully participating in services." Petitioner further argues that he needed additional time to address his substance abuse issues. We find petitioner's argument to be meritless.

West Virginia Code § 49-4-610(3)(D) provides that when a parent has previously been granted an improvement period, the parent must prove that "since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and that "due to that change in circumstances the [parent] is likely to fully participate in a further improvement period." Additionally, we have stated that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015). Here, the record shows that petitioner failed to comply with his post-adjudicatory improvement period, including drug screens and other terms and conditions of the improvement period. Further, petitioner was arrested during the proceedings for possession of crystal methamphetamine and marijuana, possession of stolen property, and illegal possession of a firearm. Moreover, petitioner does not provide any evidence of a change in his circumstances that would have demonstrated that he would be likely to participate in a post-dispositional improvement period and, therefore, he did not meet the applicable burden to receive one. As such, we find no error.

Next, petitioner argues that the circuit court erred in finding there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect. In support, petitioner asserts that if he had been granted a post-dispositional improvement period, he could have participated in substance abuse treatment and remedied the conditions of abuse and neglect. We disagree.

West Virginia Code § 49-4-604(c)(3) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child[.]" As discussed above, petitioner failed to comply with any of the terms of his post-adjudicatory improvement period. Petitioner continued to abuse substances and failed to take any steps to enroll in a substance abuse treatment program during the proceedings. Therefore, his argument that he could remedy the conditions of abuse and neglect by participating in a substance abuse treatment program is purely speculative. Based on this evidence, the circuit court was correct in finding there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that the circuit court should have utilized a less-restrictive dispositional alternative due to his bond with the children. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Due to his failure to participate in services to address his substance abuse issues and parental deficiencies, it is clear that the termination of petitioner's parental rights was in the children's best interests. Although petitioner also argues that the termination of his parental rights was not necessary in order to secure permanency for the children because the mother's parental rights remained intact at disposition, she expressed her desire to voluntarily relinquish her parental rights during the dispositional hearing and ultimately the circuit court accepted the voluntary relinquishment. Therefore, the termination of petitioner's parental rights was necessary in order to establish permanency for the children. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

Moreover, although petitioner argues that the circuit court should have utilized a less-restrictive dispositional alternative, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Therefore, the termination of petitioner's parental rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 28, 2018, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**: November 19, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment